## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BAKIR ABDUS-SABUR, | Civil Action No. |
| Plaintiff, | 25-cv-013339 (SDW) (JRA) |
| v. |  |
| TRANSUNION LLC, | **REPORT AND** |
| Defendant. | **RECOMMENDATION** |

THIS MATTER being raised *sua sponte* to address *pro se* Plaintiff Bakir Abdus-Sabur's refusal to obey court orders via his failure to appear to two prior scheduled initial scheduling conferences and an Order to Show Cause hearing.  *See* Dkt. Nos. 10, 12-13, 16-17;

and Plaintiff having filed a Complaint against Defendant on July 15, 2025, alleging that Defendant Transunion LLC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681(g)(a)(1), *see generally* Compl., Dkt. No. 1;

and Defendant having filed an Answer on August 11, 2025, Dkt. No. 6;

and the Court having scheduled an Initial Scheduling Conference on October 31, 2025 (the "First Initial Scheduling Conference"), Dkt. No. 10;

and notice of the First Initial Scheduling Conference being sent to Plaintiff's address of record, 21 Andover Ave, Plainfield, NJ, 07060 ("Plaintiff's Address"), via regular U.S. Mail;

and Plaintiff having failed to appear at the First Initial Scheduling Conference on October 31, 2025, Dkt. No. 12-13;

1

and the Court having rescheduled the Initial Scheduling Conference to November 13, 2025 (the "Second Initial Scheduling Conference), Dkt. No. 13;

and notice of the Second Initial Scheduling Conference being sent to Plaintiff's Address via regular U.S. Mail;

and Plaintiff having failed to appear at the Second Initial Scheduling Conference on November 13, 2025, Dkt. No. 16-17;

and the Court having ordered Plaintiff to show cause "on November 24, 2025, at 11:30 a.m. . . . as to why the complaint should not be dismissed as a sanction, pursuant to Fed. R. Civ. P. 16(f)," for his failure to appear to the two scheduled conferences ("Order to Show Cause"), Dkt. No. 17;

and notice of the Order to Show Cause having been sent Plaintiff's Address via regular U.S. Mail and Certified Mail (Receipt No. 9589071052701770092438);

and Plaintiff having failed to appear at the hearing for the Order to Show Cause held on November 24, 2025;

and the Federal Rules of Civil Procedure vesting this Court with the inherent authority to recommend dismissal of an action *sua sponte*. See Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order.").

and Rule 37(b) allowing the District Court to dismiss an action for failure to obey a court order compelling discovery. Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Lee v. Sunrise Sr. Living, Inc.*, 455 F. App'x 199, 201–02 (3d Cir. 2012) (affirming Rule 37

2

dismissal due to plaintiff's repeated refusal to appear for a court-ordered deposition);

and Rule 41(b) similarly permitting dismissal of a suit *sua sponte* for failure to prosecute or based on failure to comply with a court order.  Fed. R. Civ. P. 41(b); *see also Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012);

and dismissal pursuant to Rule 41(b) operating as an adjudication on the merits, unless the court's order specifies otherwise.  *Reigle v. Riesh*, 635 F. App'x 8, 10 (3d Cir. 2015);

and, when deciding whether the sanction of dismissal is proper, courts typically engage in a balancing analysis of the following six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense, *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984);

and balancing the *Poulis* factors becomes unnecessary when a litigant's conduct "makes adjudication of [the] case impossible." *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (citing *Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir.1994)),

and Plaintiff rendering it impossible to adjudicate this case by failing to appear at the prior scheduled Initial Scheduling Conferences and the hearing for the Order to Show Cause.

**IT IS, THEREFORE**, on this **25th** day of **November** 2025,

**RECOMMENDED** that this action be dismissed without prejudice, pursuant to Rule 16(f), Rule 37(b), and Rule 41(b) of the Federal Rules of Civil Procedure.[1]  The parties have fourteen days to file and serve objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); L.Civ.R. 72.1(c)(2).

Respectfully submitted,

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: November 25, 2025

---

[1] Considering the dispositive nature of the recommended sanction, the Court decides this matter by way of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).